FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 20 2019 ★
BROOKLYN OFFICE

RD 12/25/19
OS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANNA SOLOVYOVA,

                Plaintiff,

      -against-                             **MEMORANDUM AND ORDER**

UNITED COLLECTION BUREAU, INC.,           19-cv-2995 (RJD) (ST)

                Defendant.
----------------------------------------------------------------X

       Plaintiff Anna Solovyova alleges that Defendant United Collection Bureau, Inc. sent her a "false, deceptive, or misleading representation" in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692e and 1592e(10) ("FDCPA"). Defendant moves to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim. For the reasons set forth below, Defendant's motion is GRANTED.

## BACKGROUND

       Plaintiff received a letter from Defendant dated June 1, 2018 ("Collection Letter"). The Collection Letter opens with the text, "Dear ANNA SOLOVYOVA: Great News!!! United Collection Bureau, Inc. acting on behalf of DEPARTMENT STORES NATIONAL BANK (DSNB), is willing to reduce your balance by offering you the following settlement offers:." Immediately after the colon, there is the title "**REPAYMENT PLAN OPTIONS**," followed by a text box. In the text box, the letter states,

> **Option #1**   A lump sum payment of $3,201.32 to settle the account, due by 06-22-2018.
> (Refer to plan 4809497)                        (A 18% savings)

> **Option #2** A settlement of $3,318.44 in six payments, the first
> payment of $553.09 due by the 22nd of this month and five
> additional payments of $553.07 due by the 22nd of each month.
> (Refer to plan 4809498)                              (A 15% savings)
>
>
> Upon the timely receipt of the entire agreed upon settlement amount
> and clearance of funds this account will be settled and United
> Collection Bureau, Inc. will report the settlement to your creditor.
> We are not obligated to renew these offers. [1]

The Collection Letter then states that payment may be made via telephone, Defendant's website, or mail.

## ANALYSIS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Aschroft v. Iqbal, 556 U.S. 662, 678 (2009); Cohen v. Rosicki, Rosicki & Associates, P.C., 897 F.3d 75, 80 (2d Cir. 2018). The relevant section of the FDCPA states,

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any
> debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section: . . . (10) The use of
> any false representation or deceptive means to collect or attempt to
> collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10). "Whether a communication is 'false, deceptive or misleading' under § 1692e is determined from the perspective of the objective least sophisticated consumer. Under this standard, collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." Cohen, 897 F.3d at 85 (internal citations omitted). The least sophisticated consumer standard "encompasses a materiality requirement; that is, statements must be materially false or misleading to be actionable under the FDCPA." Id.

---

[1] The Court presents the text appearing in the Repayment Plan Options text box using formatting and spacing that reproduces that used in the Collection Letter as accurately as possible.

The only allegedly offensive text Plaintiff identifies in the Collection Letter is, "due by 06-22-2018." Plaintiff claims that "due by 06-22-2018" is "open to more than one reasonable interpretation, at least one of which is inaccurate." Specifically, Plaintiff argues that the least sophisticated consumer can interpret "due by 06-22-2018" to mean that payment must be mailed by the "due by" date or to mean that payment must be received by the "due by" date.

The Court disagrees. "It is assumed that even the least sophisticated consumer will read a debt collection letter in its entirety." See Weber v. Computer Credit, Inc., 259 F.R.D. 33, 38 (E.D.N.Y. 2009). Read in its entirety—indeed, read only a few lines further—the text of the Collection Letter resolves any ambiguity that might exist in "due by 06-22-2018." After stating that "payment" is "due by 06-22-2018," the Collection Letter states, "Upon the timely receipt of the entire agreed upon settlement amount and clearance of funds this account will be settled and United Collection Bureau, Inc. will report the settlement to your creditor." With this language, the Collection Letter explains that the timeliness of the payment is measured from the date of the Defendant's "receipt" of the settlement amount, not from the date of Plaintiff's mailing of the settlement amount. Having read the Collection Letter in its entirety, the least sophisticated consumer is left with just one reasonable interpretation: to be timely, payment of the settlement amount must be received by June 22, 2018.

There being no other allegation that the Collection Letter contains "false, deceptive, or misleading representation[s]," the complaint is dismissed for failure to state a claim.

SO ORDERED.

s/RJD

Dated: December _/9_, 2019
Brooklyn, NY

Raymond J. Dearie
United States District Judge

3